**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

**MARQUITA ASKEW**                                                                      **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 5:19CV-53-TBR**

**MATTHEW WENTWORTH** *et al.*                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Marquita Askew filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the Court will dismiss one Defendant and allow Plaintiff's claim against another Defendant to proceed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff filed the complaint on the Court-approved complaint form for filing a civil case.[1] She sues Matthew Wentworth, a detective with Paducah Police Department; and James Arndt, the Paducah City Manager. She indicates that she is suing Defendant Wentworth in his individual and official capacity and suing Defendant Arndt in his official capacity only. On the form, Plaintiff states that the Fourth Amendment is the basis for federal question jurisdiction.

Plaintiff states that on April 17, 2018, at her residence, Defendant Wentworth "knowingly and willing lead a task force consisting of a Federal ATF Agent, Kentucky State Trooper and Paducah Police Officers on to my property with a six (6) day old search warrant that was not even in my name." She reports that non-Defendant Detective Beau Green read her a

---

[1] The Court notes that Plaintiff indicates that the complaint contains several attachments, *i.e.*, a photo, DVD, search warrant, and deed of conveyance. However, there are no attachments to the complaint.

search warrant for her property that did not have her name on it. She asserts that law enforcement officers "removed my two-year old son from his residence when they had no right to do so." Plaintiff states that non-Defendant police officers "knowingly and willing told a fellow Police Officer not to let me in my residence yet while he put a mirror back together on my wall[]" and "knowingly and willingly cut the digital cable wire on the back of my residence." She also reports that police officers refused to let her eight year-old daughter into her residence "causing her to urinate on herself." She also states an officer "recorded me calling one of my clients to give them a heads up that when they come to my residence, they will see lots of law enforcement officers." Plaintiff maintains that due to "the Paducah Police Department and other law enforcement officers on my property. I have had a loss in revenue and clients to my home business."

Plaintiff states that on April 11, 2018, Defendant Wentworth contacted the power company which told him that Plaintiff "has had power at this residence since October 2013." She reports that on April 26, 2018, Defendant Wentworth testified in a McCracken Circuit Court case that he did not know who owned Plaintiff's residence. She further states that on December 14, 2018, Defendant Wentworth testified in court that "he spoke with the Commonwealth Attorney about executing a six-day old stale search warrant." Plaintiff states that on April 11, 2018, a McCracken County judge issued a search warrant for her residence which stated that "you are commanded to make immediate search of the premises."

With regard to Defendant Arndt, Plaintiff quotes from "Sec.2-93-City Manager" as stating as follows:

> (a) Duties of the office, and shall also include but not limited to:
> 2. The removal of subordinate employees and officers of the city.
> 7. Supervising all departments of city government and conduct of all city officers and employees under the city manager's jurisdiction and requiring each

department to make reports to the manager as required by ordinance or as the manager deems desirable.

Plaintiff further asserts that Defendant Wentworth "and his task force had no right nor probable cause to be on the premises . . . The City of Paducah Kentucky is liable for its employee's and their actions and must be held accountable as well as the law enforcement officers."[2]

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] To the extent Plaintiff is asserting that law enforcement officers other than Defendant Wentworth should be held liable in this action, the complaint names no other law enforcement officers as Defendants. The Court only considers Plaintiff's claims against the Defendants named therein.

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

*Official-capacity claims*

Plaintiff sues both Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Defendants as brought against their employer, the City of Paducah.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691;

4

*Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that police officers served a search warrant on her residence in violation of the Fourth Amendment. She does not allege that any of the alleged actions occurred as a result of a policy or custom implemented or endorsed by the City of Paducah. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.[3]

### *Individual-capacity claim against Defendant Wentworth*

The Court construes the complaint as alleging a Fourth Amendment claim of illegal search and seizure against Defendant Wentworth. Upon consideration, the Court will allow this claim to proceed for further development against Defendant Wentworth in his individual

---

[3] Plaintiff sues Defendant Arndt in his official capacity only. However, even if Plaintiff had sued Defendant Arndt in his individual capacity, the claim would still be subject to dismissal because it is evident that his claim against Arndt is not based on his personal involvement in the alleged events but is based on his supervisory role.
The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

capacity. In allowing the claim to proceed, the Court passes no judgment on its merits or the ultimate outcome of the action.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against Defendants Wentworth and Arndt are **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

Because all claims have been dismissed against Defendant Arndt, the **Clerk of Court is DIRECTED** to terminate him as a party to this action.

The Court will enter a separate Order directing service on Defendant Wentworth.

Date: August 1, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
4413.010