UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-53-TBR-LLK

MARQUITA ASKEW,                                                                    PLAINTIFF

v.

MATTHEW WENTWORTH,                                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant Matthew Wentworth's Motion for Summary Judgment. [DN 15]. Plaintiff Marquita Askew has not responded and the deadline to do so has passed. This matter is ripe for adjudication. For the reasons set forth herein, Defendant's Motion for Summary Judgment, [DN 15], is GRANTED. The Court will enter a separate Order and Judgment contemporaneous to this Memorandum Opinion.

## BACKGROUND

Plaintiff Marquita Askew is the owner of property situated at 2630 North Friendship Road, Paducah, Kentucky. [DN 1 at 7]. Ms. Askew is married to Anthony Fagan. [DN 15-1 at 64]. In 2018, the Paducah Police Department conducted a narcotics investigation, during which Mr. Fagan was implicated in multiple controlled drug purchases. *Id.* at 65. Police investigated Mr. Fagan and witnessed him at and around the property on Friendship Road on multiple occasions. *Id.*

On April 11, 2018, McCracken County District Judge Chris Hollowell signed a search warrant for the Friendship Road property, Mr. Fagan, and any vehicles registered to or in possession of Mr. Fagan. [DN 15-3]. Six days later, Paducah Police Department officers, including Detective Wentworth, executed the search warrant at the property and discovered marijuana, methamphetamine, and other drug paraphernalia in the home. [DN 15-1 at 65].

Ms. Askew arrived at the residence while law enforcement officers were executing the warrant. *Id.* at 66. An officer read Ms. Askew the warrant and informed her that she could not enter the residence until the search was complete. *Id.* Ms. Askew emphasizes that one of her children was removed from the residence by law enforcement officers and her other child was not allowed inside the home to use the restroom. [DN 1 at 7, 8].

As a result of the search, Mr. Fagan was arrested and charged with multiple crimes in state court. [DN 15-1 at 66]. During Mr. Fagan's criminal case, he filed a motion to suppress the evidence seized during the execution of the search warrant on the basis that the search of the property was unconstitutional. *Id.* The state court judge denied the motion after finding that there was probable cause to issue the search warrant for the Friendship Road property. *Id.* On February 6, 2019, a jury convicted Mr. Fagan of trafficking in a controlled substance. *Id.* Subsequently, Mr. Fagan filed a civil action in this Court claiming his constitutional rights were violated during the execution of the search warrant. *See Fagan v. Wentworth*, 5:18-CV-167-TBR. His claims were dismissed on January 30, 2020. *Fagan v. Wentworth*, No. 5:18-CV-167-TBR, 2020 WL 496516 (W.D. Ky. Jan. 30, 2020).

On April 15, 2019, Ms. Askew filed the current § 1983 action against Detective Wentworth in his individual and official capacity, and James Arndt, the Paducah City Manager, in his official capacity, for violation of her Fourth Amendment rights. [DN 1]. Specifically, Ms. Askew claims "Detective Matt Wentworth and his task force had no right nor probable cause to be on the premises of 2630 N. Friendship Road." *Id.* at 9. The Court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e) and allowed the claim against Detective Wentworth in his individual capacity to proceed. [DN 5].

2

On March 2, 2020, Detective Wentworth filed a Motion for Summary Judgment. [DN 15]. When Ms. Askew failed to respond, the Court issued an order providing her with guidance in responding to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and granted an additional thirty days to respond. [DN 52]. Those thirty days have now passed, and Ms. Askew has chosen not to respond.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc*., 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on

file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

Additionally, the Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

## DISCUSSION

First, Defendant argues he is entitled to summary judgment because Plaintiff's claims are barred by the *Heck* doctrine. [DN 15 at 68]. Pursuant to *Heck v. Humphrey*, an individual may not file a § 1983 suit for damages or equitable relief challenging his state court criminal conviction or sentence if a ruling on his federal claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. 477, 486–87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ...—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). In other words, if a ruling on a claim would necessarily render the state conviction invalid, the § 1983 claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. *Heck*, 512 U.S. at 487.

4

In *Fagan v. Wentworth*, this Court concluded that Mr. Fagan's § 1983 claim against Detective Wentworth was barred pursuant to *Heck* because a finding that there was no probable cause to search the Friendship Road residence would "imply the invalidity of his [state court] conviction." *Fagan v. Wentworth*, No. 5:18-CV-167-TBR, 2020 WL 496516, at *2 (W.D. Ky. Jan. 30, 2020).  In the current Motion for Summary Judgment, Detective Wentworth argues that *Heck* also bars Ms. Askew's § 1983 claim, despite the fact that she was not a party to Mr. Fagan's criminal action, because "there is no evidence to indicate that, had she participated in those proceedings, the McCracken Count Circuit Court would have held the warrant to search was invalid." [DN 15-1 at 69]. However, Detective Wentworth provides no authority to support the proposition that *Heck* is applicable in cases where a federal court's ruling could render an individual other than the plaintiff's conviction or sentence invalid.

This issue was addressed in *Blakely v. Andrade*, 360 F. Supp. 3d 453 (N.D. Tex. 2019), in which a husband and wife filed a § 1983 action against several defendants alleging their constitutional rights were violated during a traffic stop. Although the husband was arrested during the stop and faced criminal charges, the wife was not arrested or charged with any crimes. *Id.* at 474. In the § 1983 action, the wife claimed that "she was unlawfully seized, deprived of her Fourteenth Amendment due process and equal protection rights as a result of the traffic stop, and that the vehicle was unlawfully searched and seized." *Id.* The district court stated that "[e]ven though no criminal proceedings are pending against her, it is possible that *Heck* may also bar those claims because they 'are intertwined and based on substantially the same factual allegations' as Husband's claims, and it would be necessary to make a determination on the validity of the traffic stop and arrest in order to determine whether those alleged violations occurred." *Id.* (citing  *Willis v. City of Hattiesburg*, No. 2:14cv89-KS-MTP, 2015 WL 13651763, at *5 (S.D.

Miss. Jan. 30, 2015) (citing cases) (finding that claims of all plaintiffs, even those without criminal proceedings pending against them, were subject to stay based on *Heck* ); *see also Blakely*, 2016 WL 6581283, at *2 (recommending stay of proceedings under *Heck* as to both Plaintiffs in their previous lawsuit until Husband's state criminal case was resolved); *Richardson v. Union Pub. Safety Dep't Police*, No. 7:10-CV-2679-MGL-JDA, 2012 WL 4051826, at *5 (D.S.C. July 27, 2012) (staying proceedings as to both plaintiffs even though there was no criminal conviction or pending appeal associated with one of the plaintiffs)).

This case is similar to *Blakely* in that both Mr. Fagan and Ms. Askew were involved in the search at the Friendship Road residence, but only Mr. Fagan was arrested and charged as a result of the search. Additionally, both Mr. Fagan and Ms. Askew filed § 1983 suits against Detective Wentworth alleging that he lacked probable cause to secure the search warrant for the property. Although Ms. Askew was not criminally charged as a result of the search, *Heck* may also bar her claims because they "are intertwined and based on substantially the same factual allegations" as Mr. Fagan's claims, and thus, it would be necessary to make a determination on the validity of the search of the Friendship Road in order to determine whether the alleged constitutional violations occurred. *See id.*

However, even if *Heck* did not bar Ms. Askew's claim, the Court finds that summary judgment is still appropriate because Ms. Askew has failed to establish a § 1983 claim for violation of her Fourth Amendment rights. The Fourth Amendment specifically requires that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The law does not require that every conceivable explanation other than a suspect's illegal conduct be ruled out in order to find probable cause, "[i]nstead, we need only consider whether there are facts that, given the factual and practical considerations of everyday life, could lead a reasonable person to believe that an illegal act has

occurred or is about to occur." *United States v. Strickland,* 144 F.3d 412, 416 (6th Cir. 1998) (citations omitted). "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (quoting *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005), *cert. denied,* 549 U.S. 976, 127 S.Ct. 446, 166 L.Ed.2d 309 (2006)).

Reasonable minds may differ as to the determination of probable cause; therefore, great deference is accorded to the magistrate judge's determination. *United States v. Leon,* 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This deference is not unbounded. *Id.* First, the decision may be inspected as to the knowing or reckless falsity of the affidavit on which the decision is based. *Id.* Additionally, the magistrate must act as a "neutral and detached" magistrate, but not as a rubber stamp. *Id.* Finally, "courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Id.* at 915, 104 S.Ct. 3405 (citing *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). If the magistrate's probable cause determination was based on an improper analysis of the totality of the circumstances, or the warrant was improper in some other respect, a reviewing court may properly conclude the warrant was invalid. *Id.*

The affidavit presented in support of the search warrant "must contain particularized facts demonstrating 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. McPhearson,* 469 F.3d 518 (6th Cir. 2006) (quoting *Frazier,* 423 F.3d at 531). The issuing judge must have a substantial basis for concluding that a search of the premises would uncover evidence of wrongdoing. *United States v. Savoca,* 739 F.2d 220, 224 (6th Cir. 1984). "This requires 'a nexus between the place to be searched and the evidence

sought.'" *McPhearson,* 469 F.3d at 518 (quoting *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004)). Mere presence or arrest of a suspect at a residence is too insignificant a connection with that residence to establish the nexus necessary for a finding of probable cause. *Id.*; *United States v. Savoca,* 761 F.2d 292, 297 (6th Cir. 1985). The Supreme Court, in *Zurcher v. Stanford Daily et al.,* held that "the critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." 436 U.S. 547, 556, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).

In this case, Detective Wentworth's affidavit contained particularized facts demonstrating a fair probability that evidence of a crime would be located at the Friendship Road residence. Specifically, Detective Wentworth described a months-long narcotics investigation utilizing reliable confidential informants to conduct controlled heroin purchases. [*See* DN 15-3]. On multiple occasions, Mr. Fagan was present during the controlled buy or was seen providing heroin to the individual who then sold the drugs to the confidential informant. *Id.* A second confidential informant told police that Mr. Fagan frequently sold heroin from different properties in Paducah, though Mr. Fagan was currently living with his girlfriend in west Paducah, across from a trailer park community and storage units. *Id.* at 89. Based on this information, police located Mr. Fagan's residence at Friendship Road, a west Paducah home across the street from a trailer park community and storage units. *Id.* From December 2017 to April 2018, Mr. Fagan's vehicle was seen parked at the residence for extended periods of time. *Id.* Additionally, police frequently observed Mr. Fagan outside the residence and witnessed him entering and exiting the home with a key on at least two occasions. *Id.*

On April 9, 2018, the police department received information that an individual was traveling to Paducah in a green Buick to purchase heroin from a black male named Anthony Mathis. *Id.* at 89–90. Police located the vehicle in front of a Paducah home and witnessed Mr. Fagan enter the residence with a key. *Id.* at 90. The individual left the property in the green Buick and was apprehended by police. *Id.* The individual admitted she was a heroin user and had been purchasing drugs from a male in Paducah for two years. *Id.* She was shown a photograph of Mr. Fagan and identified him as the man who sold her drugs. *Id.*

On April 10, 2020, Detective Wentworth confirmed with the local power company that Mr. Fagan's name was on the electric bill at one of the residences where police had witnessed him engaged in drug-related activity. *Id.* On April 11, Detective Wentworth discovered that Ms. Askew's name was on the electric bill at the Friendship Road property. *Id.* at 91. The same day, Mr. Fagan and his vehicle were observed at the Friendship Road residence. *Id.*

In the Complaint, Ms. Askew appears to argue that there was no probable cause to search her property because Detective Wentworth knew that the electricity at the residence was in her name. [DN 1]. First, the Court notes that this information was presented to the issuing judge as the affidavit specifically states that the electricity at the Friendship Road residence was in Ms. Askew's name. Moreover, police had been informed that Mr. Fagan lived at the Friendship Road property with his girlfriend and had been observed multiple times at the residence and using a key to enter. Based on this information, and the totality of the circumstances, the affidavit contained particularized facts demonstrating a fair probability that evidence of a crime will be located at the Friendship Road residence, despite the fact that the electricity was in Ms. Askew's name.

Finally, Ms. Askew takes issue with the fact that she owned the Friendship Road property, but her name was not listed on the search warrant. [DN 1]. The Supreme Court has stated that "[t]he

critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher*, 436 U.S. at 556.

> [W]hile probable cause for arrest requires information justifying a reasonable belief that a crime has been committed and that a particular person committed it, a search warrant may be issued on a complaint which does not identify any particular person as the likely offender. Because the complaint for a search warrant is not 'filed as the basis of a criminal prosecution,' it need not identify the person in charge of the premises or name the person in possession or any other person as the offender.

*Id.* (citation omitted). "Therefore, an affidavit in support of a search warrant does not need to name or describe the person who sold the drugs or name the owner of the property." *United States v. Pinson*, 321 F.3d 558, 564–65 (6th Cir. 2003). Accordingly, the affidavit in this case is not invalid because it failed to name Ms. Askew as the owner of the Friendship Road property.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment, [DN 15], is **GRANTED**. The Court will enter a separate Order and Judgment contemporaneous to this Memorandum Opinion.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 27, 2020

CC: Attorneys of Record

**Marquita Askew**
2630 N Friendship Rd
Paducah, KY 42001